IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31050
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

COREY D. JONES,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CR-30032-1
--------------------
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Corey D. Jones argues that the district court clearly erred
by increasing his offense level by four levels pursuant to
U.S.S.G. § 3B1.1(a) based on his organizational or leadership
role in a cocaine-trafficking conspiracy.

     The Sentencing Guidelines provide for a four-level upward
adjustment of the defendant's offense level if a defendant is an
organizer or leader of criminal activity involving five or more
participants.  See U.S.S.G. § 3B1.1(a).  The district court's
determination of a defendant's role in the offense is a finding

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of fact that is reviewed for clear error. See United States v. Posada-Rios, 158 F.3d 832, 878 (5th Cir. 1998). If the finding is plausible in light of the record as a whole, it is not clear error. United States v. Parker, 133 F.3d 322, 330 (5th Cir. 1998).

The PSR and sentencing transcript reveal plausible evidence that there were at least five individuals involved in the drug-trafficking activity and that Jones instructed participants with regard to the time, place, and manner in which the operation was to be carried out, including the purchasing of telephones and the renting of a house where the cocaine trafficking occurred. See United States v. Wilder, 15 F.3d 1292, 1299 (5th Cir. 1994). The district court's determination that Jones held a leadership role in the criminal activity was not clearly erroneous. United States v. Lage, 183 F.3d 374, 383 (5th Cir. 1999), cert. denied, 528 U.S. 1163 (2000). The sentence is AFFIRMED.